# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

DEMRY CROFT,                                )
                                            )
      Plaintiff,               )        Case No.: 3:22-cv-1026
vs.                                         )
                                            )        Judge Eli Richardson
TENNESSEE STATE UNIVERSITY                  )
BOARD OF TRUSTEES and OFFICER               )        Magistrate Judge Barbara D. Holmes
THOMAS PHELPS, in his official and          )
individual capacities,                      )
                                            )
      Defendants.              )

---

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS AMENDED COMPLAINT FILED BY THE TENNESSEE STATE UNIVERSITY BOARD OF TRUSTEES AND OFFICER THOMAS PHELPS IN HIS OFFICIAL CAPACITY

---

The Tennessee State University Board of Trustees (the "Board") and Officer Thomas Phelps in his official capacity, by and through the Attorney General and Reporter, request that the Court dismiss all claims against them in this lawsuit. Because the Board and Officer Phelps are sued in their official capacities, the claims against them are in effect brought against Tennessee State University and thus the State of Tennessee. Therefore, the Eleventh Amendment to the U.S. Constitution protects the Board and Officer Phelps from any claims arising out of 42 U.S.C. § 1983 or state law, and it deprives the Court of subject matter jurisdiction over those claims. Additionally, Plaintiff has failed to state a claim upon which relief can be granted as to Counts I and IV because this action was filed after the expiration of the statute of limitations for Title IX claims, and neither the Board nor Officer Phelps is a "person" under § 1983.

# I.    BACKGROUND[1]

Plaintiff was a student athlete who attended college at Tennessee State University. (Amended Complaint, ECF 6, ¶8.) On April 1, 2019, a female student, Jane Roe, reported to the TSU Office of Equity and Inclusion ("OEI") that Plaintiff had raped her several months prior. (*See id.*, ¶¶12-14.) Ms. Roe also reported the rape to the TSU police department, which conducted an investigation of Ms. Roe's allegations. (*Id.*, ¶¶15-16.) TSU police officer Thomas Phelps performed the investigation. (*Id.*, ¶16.) Officer Phelps spoke to Plaintiff on a couple of occasions, asked him to sign a waiver of his *Miranda* rights, and then conducted an interview. (*Id.*, ¶¶60-63.) Officer Phelps also took statements from the victim, Ms. Roe, and other witnesses. (*See id.*, ¶¶66, 109.)

Officer Phelps completed the investigation shortly after taking Plaintiff's statement, and submitted the investigative report to OEI and the Davidson County District Attorney in July. (*Id.*, ¶67.) A grand jury indicted Plaintiff for rape on August 16, 2019. (*Id.*, ¶23.) Plaintiff was then suspended from the TSU football program for violating the student code of conduct. (*Id.*, ¶24.) He also alleges that he was thereafter unable to register for classes because "there was a suspension and hold on his record and registration." (*See id.*, ¶¶68, 70-71.) The Amended Complaint does not allege that Officer Phelps had any influence over the decisions made by the TSU academic or athletic programs concerning Plaintiff's suspensions or academic record.

On August 21, 2019, Plaintiff received a letter from the TSU Office of Student Conduct requesting a meeting regarding an allegation that he violated TSU's policy forbidding sexual misconduct. (*Id.*, at ¶72.) Plaintiff claims that the first communication he received from OEI regarding Ms. Roe's allegations of rape was a letter from OEI Director/Title IX Coordinator Razel

---

[1] The facts cited herein are the factual allegations as stated in the Amended Complaint and are recited here for the purposes of the present Motion only. Defendant reserves the right to dispute these facts if this Motion, or any portion thereof, is denied.

Jones dated September 5, 2019. (*Id.*, ¶30.) The letter stated that Plaintiff had ten days to respond or face suspension and a hold on his academic transcript. (*See id.*, ¶31.) Plaintiff did not respond other than to refer Mr. Jones to his attorney. (*Id.*, ¶¶33, 107.)

Mr. Jones finalized his investigative report on December 5, 2019. (*See* Amended Complaint, ECF 6, ¶¶33.) In the report, Mr. Jones recommended that Plaintiff be permanently removed from TSU because the evidence indicated that Plaintiff violated TSU's Sexual Misconduct Policy. (*Id.*, ¶105.) The Associate Vice President for Student Affairs accepted Mr. Jones' findings and recommendations. (*See id.*, ¶83.) After receiving the OEI findings, Plaintiff requested an appeal. (*See id.*, ¶¶86-87.) Plaintiff's attorney contacted Mr. Jones and requested that the appeal hearing take place after Plaintiff's criminal trial, which had not yet been set. (*Id.*, ¶¶91, 153.) On December 1, 2020, Mr. Jones informed Plaintiff's attorney that he deemed the request to indefinitely delay the hearing as a rejection of appeal hearing process, and therefore no hearing was scheduled. (*See id.*, ¶¶92, 130.)

Plaintiff initiated this action on December 16, 2022, by filing a complaint against the Tennessee State University Board of Trustees. Plaintiff's Amended Complaint asserts four causes of action[2] against the Board—(1) alleged violations of Title IX; (2) gross negligence; (3) negligence; and (4) malicious prosecution pursuant to 42 U.S.C. § 1983—and asserts a malicious prosecution claim pursuant to § 1983 against Officer Phelps in his official capacity. (*See id.* at 24-36.)

---

[2] While the unnumbered first paragraph of the Amended Complaint alleges "denial of due process under the Fourteenth Amendment of the Constitution," there is no further mention of the Fourteenth Amendment or how the factual allegations relate to a purported violation of the Fourteenth Amendment; and the alleged constitutional violations are discussed in the context of 42 U.S.C. § 1983. As such, Plaintiff has not stated a cause of action pursuant to the Fourteenth Amendment.

## II. LEGAL STANDARD

Defendants move to dismiss Plaintiff's two state law claims and § 1983 claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction is a proper vehicle to assert Eleventh Amendment immunity. *See Nihiser v. Ohio E.P.A.*, 269 F.3d 626, 627 (6th Cir. 2001) (trial court properly dismissed a claim for lack of subject matter jurisdiction based on the defendant's Eleventh Amendment immunity); *Skidmore v. Access Grp., Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015); *Lee Testing & Eng'g, Inc. v. Ohio Dep't of Transp.*, 855 F. Supp. 2d 722, 725 (S.D. Ohio 2012); *Henderson v. Sw. Tennessee Cmty. Coll.*, 282 F. Supp. 2d 804, 806 (W.D. Tenn. 2003). Courts construe the allegations of a complaint in the light most favorable to the plaintiff when ruling on a 12(b)(1) motion to dismiss. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Ludwig v. Bd. of Trustees of Ferris State Univ.*, 123 F.3d 404, 408 (6th Cir. 1997). Plaintiff has the burden of proving that the court has subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If this Court determines that it lacks subject matter jurisdiction, it "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Defendant also moves to dismiss Plaintiff's claims for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the sufficiency of the complaint. To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556. To meet the plausibility standard, the complaint must show "<u>more</u> than a sheer possibility that the defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). The

plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* While the court will accept the complaint's factual allegations as true, this assumption of veracity does not extend to legal conclusions, including legal conclusions couched as factual allegations. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to overcome a Rule 12(b)(6) motion to dismiss. *Id.*

## III. ARGUMENT

All of the claims asserted against the Board and Officer Phelps in his official capacity are legally deficient and should be dismissed. Plaintiff has failed to state a claim against the Board for Title IX violations because this action was filed after the statute of limitations.[3] The Court does not have subject matter jurisdiction to hear the gross negligence, negligence, and § 1983 claims due to Eleventh Amendment immunity. Finally, Plaintiff has failed to state a claim under § 1983 because that statute does not apply to state officials acting in their official capacities.

### A. Plaintiff's Title IX claims violate the statute of limitations.

The statute of limitations for a claim brought under Title IX for claims arising in Tennessee is one year. *Doe v. Univ. of Tennessee*, 186 F. Supp. 3d 788, 808 (M.D. Tenn. 2016). A Title IX claim accrues when a plaintiff "knows or has reason to know not only that he was injured but also that the defendant caused his injury." *Garrett v. Ohio State Univ.*, 60 F.4th 359, 366 (6th Cir. 2023) (internal quotation marks omitted). The latest date that Plaintiff's Title IX statute of limitations could begin was the denial of his expulsion appeal on December 1, 2020. (*See* Amended Complaint, ECF 6, ¶130.) No other actions on the part of the Board or OEI are alleged after that

---

[3] Asserting the statute of limitations as a basis for dismissal in a Rule 12(b)(6) motion is appropriate where "the allegations in the complaint affirmatively show that the claim is time-barred." *Webster v. Sontara Old Hickory, Inc.*, No. 3:20-CV-00685, 2021 WL 1857344, at *2 (M.D. Tenn. May 10, 2021).

date. Because Plaintiff did not initiate this action until December 16, 2022—over two years after the denial of his appeal—the claims in Count I are untimely and should be dismissed.

### B. The Board is immune from any state law claims.

The Eleventh Amendment prevents the Court from exercising subject matter jurisdiction over Plaintiff's tort claims in this case. The sovereign immunity granted under the Eleventh Amendment prevents private individuals from suing nonconsenting states in federal court. *Nevada Dept. of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). That prohibition extends to suits against state agencies. *Will*, 491 U.S. at 71. Tennessee has not consented to state tort claims brought in federal court. *See Hudson v. CoreCivic*, No. 3:21-cv-00319, 2023 WL 1093895, at *5 (M.D. Tenn. Jan. 6, 2023). Therefore, the Court lacks jurisdiction over the gross negligence and negligence claims in Counts II and III of the Amended Complaint.

### C. The Board and Officer Phelps are immune from suit under § 1983.

The Board is the governing body of TSU, not a separate entity. *See* Tenn. Code Ann. §§ 49-8-801, 49-8-203. Thus, a suit against the Board is effectively a suit against TSU. In addition, a suit against Officer Phelps in his official capacity is also deemed to be a suit against TSU. *See Gooden v. City of Memphis Police Dept.*, 29 F. App'x 350, 352 (6th Cir. 2002). As a state university, TSU is an arm of the State of Tennessee for Eleventh Amendment purposes. *Kompara v. Bd. of Regents of the State Univ. & Cmty. Coll. Sys. of Tenn.*, 548 F. Supp. 537, 542 (M.D. Tenn. 1982).

Because TSU is equivalent to the State under the Eleventh Amendment, the Court lacks jurisdiction over the wrongful prosecution claim in Count IV. There are limited exceptions to a state's Eleventh Amendment immunity: "(a) when the State has consented to suit; (b) when the exception first set forth in *Ex parte Young* applies; and (c) when Congress has properly abrogated

a State's immunity." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). None of these exceptions apply to this case. The State of Tennessee has never consented to suit under § 1983. *See Berndt v. State of Tenn.*, 796 F.2d 879, 881 (6th Cir. 1986). Count IV of Plaintiff's Amended Complaint does not and cannot seek prospective injunctive relief, and therefore the *Ex parte Young* exception is inapplicable. *Cf. Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)) ("past exposure to unlawful or unconstitutional behavior by the police does not give a person standing to request prospective injunctive relief to enjoin the behavior complained of absent a showing that he or she is likely to be exposed to similar unconstitutional behavior in the future.") Finally, Congress has not properly abrogated the Board's immunity regarding Count IV. *See Will*, 491 U.S. at 67.

  **D. The Board and Officer Phelps cannot be sued under § 1983.**

  Plaintiff's malicious prosecution claim against the Board and Officer Phelps in his official capacity in Count IV fails to state a claim upon which relief can be granted. Although the Amended Complaint does not specifically set forth the legal basis for the claim in Count IV, the sub-header for that count indicates that it is being brought pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability for every "person" who, acting under color of state law, deprives another of their constitutional rights. *Gean v. Hattaway*, 330 F.3d 758, 765-66 (6th Cir. 2003). That statute does not apply to the Board or to Officer Phelps in his official capacity, however, because state officials acting in their official capacities are not "persons" under § 1983 and cannot be sued under that act. *Id.* at 766 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).

  **E. Plaintiff's claim for punitive damages must be dismissed.**

  The United States Supreme Court, on various occasions, has acknowledged "a presumption against imposition of punitive damages on governmental entities." *See Vermont Agency of Nat.*

*Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 785 (2000) (citing *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 262-263 (1981)). *See e.g., Barnes v. Gorman*, 536 U.S. 181, 190 (2002).

To the extent Plaintiff's Prayer for Relief requests punitive damages for alleged violations of Title IX, this request must also be dismissed because punitive damages are not an available remedy against governmental entities under Title IX. *Mercer v. Duke Univ.*, 50 F. App'x 643, 644 (4th Cir. 2002); *Morlock v. W. Cent. Educ. Dist.*, 46 F. Supp. 2d 892, 923-24 (D. Minn. 1999), *abrogated on other grounds* (citing *Crawford v. School Dist.*, 1998 WL 288288, at *2 (E.D. Pa. 1998)); *Collier v. William Penn Sch. Dist.*, 956 F. Supp. 1209, 1217 (E.D. Pa. 1997); *Doe v. Londonderry Sch. Dist.*, 970 F. Supp. 64, 76 (D.N.H. 1997)).

## IV. CONCLUSION

Plaintiff's Amended Complaint has not asserted legally sufficient claims against the TSU Board of Trustees. The Title IX claims in Count I were filed two years too late, the Court does not have jurisdiction to hear the claims in Counts II, III, or IV, and neither the Board nor Officer Phelps in his capacity can be sued under § 1983 as asserted in Count IV. Accordingly, the Tennessee State University Board of Trustees and Officer Thomas Phelps in his official capacity request that this Honorable Court dismiss the Amended Complaint against them with prejudice.

Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

 */s/ Jeffrey B. Cadle*
Jeffrey B. Cadle (BPR #37037)
Assistant Attorney General
Rachel A. Newton (BPR #22960)
Assistant Attorney General
Education and Employment Division
P. O. Box 20207
Nashville, TN 37202-0207

Telephone: (615) 741-2472
jeffrey.cadle@ag.tn.gov
rachel.newton@ag.tn.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically served on April 26, 2023, via the Court's CM/ECF filing system, upon the following:

Heather Moore Collins
Caroline Drinnon
Ashley S. Walter
HMC Civil Rights Law PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
heather@hmccivilrights.com
caroline@hmccivilrights.com
ashley@hmccivilrights.com

*Counsel for Plaintiff*

*/s/ Jeffrey B. Cadle*
Jeffrey B. Cadle