UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEMRY CROFT
    Plaintiff,

v.                                                                     CASE NO: 3:22-cv-1026

TENNESSEE STATE UNIVERSITY          JURY DEMAND
BOARD OF TRUSTEES AND
OFFICER THOMAS PHELPS,
 in his official and individual capacity,

        Defendants.

## PLAINTIFF'S OPPOSITION TO TSU AND PHELP'S OFFICIAL CAPACITY MOTION TO DISMISS

Plaintiff, Demry Croft, opposes and responds to Tennessee State University Board of Trustees's ("TSU") Motion to Dismiss. (ECF 22, 23). TSU makes three arguments (1) the Title IX claim is time barred; (2) TSU is immune from state law claims; (3) TSU and Phelps cannot be sued under § 1983; and (4) Plaintiff's punitive damages claim must be dismissed. Defendant's motion as to (2) Counts II and III, negligence and gross negligence; (3) Count IV, § 1983 with the exception of Plaintiff's claim for prospective relief, and (4) punitive damages assertion are well taken. Thus, the motion as to Plaintiff's Title IX claim and his claims related to prospective relief must be denied.

I.     PROCEDURAL HISTORY

Plaintiff Croft filed his initial complaint *pro se* on December 16, 2022. (ECF 1). This initial complaint contained approximately 135 factual allegations (pp. 1-26) and two counts: violation of Title IX (pp. 26-35, ¶¶136-178) and "gross negligence" (pp. 35-38, ¶¶179-199). After filing this initial detailed complaint, Plaintiff secured counsel who entered an appearance on March 7, 2023. (ECF 5, 9, 10). Additionally, on March 7, 2023, Plaintiff filed an amended complaint. (ECF 6).

When Plaintiff filed an amended complaint, he added claims for negligence (Counts II and III), and denial of due process under the Fourteenth Amendment, Malicious Prosecution under 42 U.S.C. § 1983 (Count IV). (ECF 6). Plaintiff filed the Amended Complaint under Federal Rule of Civil Procedure 15(c) because all claims and facts alleged therein related back to and arose from the conduct set forth in and pled in his original complaint. (ECF 6, ¶4).

II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). To withstand a motion to dismiss, a complaint need only provide "an adequate factual basis" for her claims to satisfy the pleading requirements of Rule 8(a)(2). *See Serrano v. Cintas Corp.,* 699 F.3d 884, 897 (6th Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true" and construed in the light most favorable to the nonmoving party. *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should assume the veracity of well pled factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. The pleading needs to demonstrate "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Id*. at 1955. The Sixth Circuit "has cautioned against reading '*Twombly* and *Iqbal* so narrowly as

to be the death of notice pleading...'" *Rhodes v. R & L Carriers, Inc.*, 491 Fed. App'x 579, 583 (6th Cir. Aug. 6, 2012) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)).

III. ARGUMENT

a. The Title IX Claim is Timely

The Sixth Circuit determined that the discovery rule applies to Title IX claims, meaning that a plaintiff's claim accrues when he "knows or has reason to know" not only that he was injured but also that "the defendant caused" his injury. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 704 (6th Cir. 2022). Thus, a plaintiff's claim does not accrue until he "knows or has reason to know that the defendant institution," injured him. *Id.* As such, "the clock starts only once the plaintiff knows or should have known that [TSU] administrators 'with authority to take corrective action' knew of [Phelps's] conduct and failed to respond appropriately." *Id.* at 705 (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 141 L. Ed. 2d 277 (1998)). For example, in *Garrett v. Ohio State Univ.*, 60 F.4th 359, 367 (6th Cir. 2023), the Sixth Circuit determined that when accrual occurred was a question of fact that could not be resolved on a motion to dismiss. (*citing Am. Premier Underwriters*, 839 F.3d at 464 (cautioning that "courts should not dismiss complaints on statute-of-limitations grounds when there are disputed factual questions relating to the accrual date"); *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 476 (6th Cir. 2013) (in the tolling context, stating that questions about a plaintiff's duty to investigate "are questions for summary judgment or for trial, and they should not be resolved on a motion to dismiss")).

In *Garrett*, the Title IX plaintiffs had no way to know the university's role in covering up abuse until an internal investigation report regarding allegations about the abuser was issued. *Id*. at 366. Likewise, in *Snyder-Hill v. Ohio State Univ.,* 48 F.4th 686 (6th Cir. 2022) "the plaintiffs' claims survive Ohio State's motion to dismiss for three independent" reasons: until 2018, when the

allegations of abuse became public, (1) "plaintiffs plausibly allege that they did not know and lacked reason to know that Ohio State caused their injury," (2) "they plausibly allege that even if they had investigated further, they could not have learned of Ohio State's conduct," and (3) some "plaintiffs plausibly allege that they did not know that they were abused." *Id.* at 706-07. Here, Plaintiff alleged:

> 150. Mr. Croft was forced to retain the services of criminal defense attorneys over the course of August 19, 2019 through February 2022 to defend him against Jane Roe's allegations.
> 151. TSU Officer Phelps, a key witness for the prosecution was ordered to appear at a pretrial hearing in January 2022.
> 152. TSU Officer Phelps failed to appear at the pretrial hearing.
> 153. The trial was set for February 7, 2022 in April of 2021.
> 154. On the trial date, Demry Croft, his family, his witnesses and counsel were present in court and prepared for trial.
> 155. On February 7, 2022, the DA advised the court that none of the prosecution's witnesses were appearing, including Jane Roe.
> 156. Jane Roe, Officer Phelps, TSU and all other prosecution witnesses failed to appear in court for the trial.
> 157. On February 7, 2022, the case against Mr. Croft was dismissed.
> 205. Had TSU followed its own Sexual Misconduct Policy, the process could have been fairly and impartially resolved before the criminal indictment and before university sanctions.

Thus, like the plaintiffs in *Garrett* and *Snyder-Hill*, even though Plaintiff knew something happened and that it was wrong, he did not have information that would have led him to believe the "that [TSU] administrators 'with authority to take corrective action' knew of [Phelps's] conduct and failed to respond appropriately" in fact, discovery will bear out this information, but regardless, the earliest was not until Phelps and the accuser, both of whom who would be put under oath, failed to show up for trial. *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 705. Accordingly, dismissal of the Title IX claim is not warranted on the basis of a statute of limitations argument.

    b. Plaintiff Pled and Can Seek Prospective Relief

Plaintiff concedes "that neither a State nor its officials acting in their official capacities are

'persons' under § 1983." However, Suits for injunctive and declaratory relief against state officials acting in their official capacities are permitted in limited circumstances. *See Ex Parte Young*, 209 U.S. 123, 155-56, 28 S. Ct. 441, 52 L. Ed. 714 (1908); *Edelman v. Jordan*, 415 U.S. 651, 666-69, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Whether the Eleventh Amendment bars such suits turns on the nature of the relief sought. *See Edelman*, 415 U.S. 651, 666-69, 94 S. Ct. 1347, 39 L. Ed. 2d 662. The Eleventh Amendment does not bar relief that is prospective in nature and designed to ensure future compliance with federal law. *Id.* Here, Plaintiff pled that he seeks:

> an injunction should issue directing the TSU BOT to:
> a. reverse the outcome and findings regarding Jane Roe's complaint;
> b. expunge Plaintiff's disciplinary record;
> c. remove any record of Plaintiff's suspension from his education file;
> permanently destroy any record of Jane Roe's complaint.

(ECF 6, Am. Complt. ¶209). Even though this demand is made in the Title IX count, it is covered in broadly in his request for relief that seeks in part: "Declaratory relief that Defendants violated Plaintiff's rights, and Reinstatement to TSU or release of his academic record." (ECF 6, Complt. p. 36). As such, because this relief sought is prospective in nature, Plaintiff's declaratory relief claim is not barred by Eleventh Amendment immunity. *See Doe v. Cummins,* 662 Fed. Appx. 437, 444 (6th Cir. ) (request that individual defendants remove negative notation from appellants' disciplinary records that resulted from the allegedly unconstitutional disciplinary process is request for prospective remedial action)(citing *Thomson v. Harmony*, 65 F.3d 1314, 1321 (6th Cir. 1995) (holding that an injunction requesting the removal of negative entries from a personnel record resulting from an alleged due-process violation was not barred by the Eleventh Amendment)).

 IV. CONCLUSION

For the reasons stated herein, Defendant's motion as to (2) Counts II and III, negligence and gross negligence; (3) Count IV, § 1983 with the exception of Plaintiff's claim for prospective relief, and (4) punitive damages assertion are well taken; however, for the reasons set forth herein, the

motion as to Plaintiff's Title IX claim and his claims related to prospective relief must be denied.

Respectfully submitted,

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Caroline Drinnon BPR # 037016
Ashley Shoemaker Walter BPR # 037651
HMC CIVIL RIGHTS LAW, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
caroline@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been filed and served via the court's electronic filing system on May 17, 2023, to counsel of record:

Jeffrey B. Cadle
Assistant Attorney General
Rachel A. Newton
Assistant Attorney General
Education and Employment Division
P. O. Box 20207
Nashville, TN 37202-0207
Telephone: (615) 741-2472
jeffrey.cadle@ag.tn.gov
rachel.newton@ag.tn.gov

*Attorneys for Defendants*

*/s/ Heather Moore Collins*
Heather Moore Collins