IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMRY CROFT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:22-cv-1026 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| TENNESSEE STATE UNIVERSITY ) | |
| BOARD OF TRUSTEES AND OFFICER ) | |
| THOMAS PHELPS, in his official and ) | |
| individual capacity, ) | |
| | |
| Defendants. | |

## **ORDER**

Pending before the Court is "Plaintiff's Notice of Voluntary Dismissal of Claim IV against Defendant Thomas Phelps in his individual capacity." (Doc. No. 35, "Dismissal Document"). Although the Dismissal Document does not specify the Federal Rule of Civil Procedure under which Plaintiff seeks dismissal, the Court construes the notice as a motion to drop a claim pursuant to Rule 21. Rule 21 provides that the Court may at any time, on motion or on its own, add or drop a party or claim. Other circuits disagree, but district courts in this circuit routinely apply Rule 21, rather than Rule 41, when dismissing fewer than all defendants or claims. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 464 (E.D. Ky. 2018) (citing cases).

Contrary to what the Dismissal Document suggests, a dismissal of a claim at the behest of a plaintiff is not self-effectuating (and instead, as noted above, must be sought via motion). The Court must make an independent determination that dropping the claim is appropriate. Here, the Court has little difficulty concluding that the interests of justice support dropping the specified claim as requested, given both its potential for increasing judicial efficiency in resolving this

dispute and the absence of any objection. Therefore, Claim IV against Defendant Phelps in his individual capacity is DISMISSED.

       IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE