UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEMRY CROFT,**<br><br>    Plaintiff(s),<br><br>v.<br><br>**TENNESSEE STATE UNIVERSITY BOARD OF TRUSTEES AND OFFICER THOMAS PHELPS, in his official capacity,**<br><br>    Defendants. | Case No. 3:22-cv-01026<br><br>Judge Richardson<br>Magistrate Judge Holmes |

## INITIAL CASE MANAGEMENT ORDER

The initial case management conference was held on May 17, 2023. Counsel participating were: Heather Collins for Plaintiff and Jeffrey Cadle and Rachel Newton for Defendants. From the parties' proposed initial case management order (Docket No. 33) and discussion during the initial case management conference, and pursuant to Local Rule 16.01, the following case management schedule and plan is adopted:

**A.    JURISDICTION:** The parties agree that this Court has jurisdiction over Plaintiff's claim against the Tennessee State University Board of Trustees (the "Board") and Thomas Phelps, in his official capacity, brought pursuant to Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq*., pursuant to 28 U.S.C. §§ 1331 and 1332. The parties also agree that this Court has jurisdiction over Plaintiff's claim against Thomas Phelps, in his individual capacity,

brought pursuant to 42 U.S.C. § 1983. This Court's jurisdiction is disputed as to the remaining claims.

### B. BRIEF THEORIES OF THE PARTIES:

**PLAINTIFF:** Plaintiff, Demry Croft ("Plaintiff" or "Mr. Croft") brought suit against the Tennessee State University Board of Trustees and Officer Thomas Phelps for violations of his rights under Title IX, gross negligence, negligence, denial of due process under the Fourteenth Amendment of the Constitution, Malicious Prosecution under 42 U.S.C. § 1983. The claims are premised on an inadequate investigation by Defendants into a false allegation of rape made against Mr. Croft. The "investigation" ignored material witnesses and evidence which would have exonerated Mr. Croft before irreparable harm occurred. There was simply no due process. Ultimately, when faced with being placed under oath, neither Defendants, nor the alleged victim showed up for trial or were willing to go under oath, nonetheless the damage to Mr. Croft's academic career and promising athletic career was done.

**DEFENDANTS:** The Board and Officer Phelps, in his official capacity, assert that they did not violate Plaintiff's rights under Title IX, that they acted properly and reasonably at all times, and that their investigation of Plaintiff, in response to a TSU student's allegation that he raped her, was conducted in accordance with applicable law. The Board and Officer Phelps, in his official capacity, have also asserted several legal defenses in a motion to dismiss previously filed with the Court.

Detective Phelps, in his individual capacity, asserts that his investigation of Plaintiff, in response to a complaint by a TSU student that he raped her, was conducted in accordance with applicable law, and that he had probable cause to refer the matter to the Davidson County District

Attorney for prosecution. Detective Phelps, in his individual capacity, has also asserted several legal defenses in a motion to dismiss previously filed with the Court.

      **C.**     **ISSUES RESOLVED:** Venue.

      **D.**     **ISSUES STILL IN DISPUTE:** Jurisdiction (as to the issues described above), liability and damages.

      **E.**     **INITIAL DISCLOSURES:**

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **June 23, 2023.** The initial disclosures must include copies (not descriptions) of responsive documents.

      **F.**     **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:**

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than **January 31, 2024**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. **The parties must have conducted enough discovery or otherwise exchanged enough information prior to this date to substantively evaluate and discuss settlement.** The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the

preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their compulsory obligations under this case resolution plan.**

G. DISCOVERY:

The parties must complete all written discovery and depose all fact witnesses on or before **March 15, 2024.** Written discovery and scheduling of depositions must proceed promptly. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. The Court expects all parties and their counsel to cooperate in discovery and to act courteously and professionally in the resolution of discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P. 16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery dispute may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting must be brought promptly to the attention of the Magistrate Judge by the filing of a joint discovery dispute statement and a joint motion for a discovery conference. It will be within the Magistrate Judge's discretion to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. All discovery motions shall be filed by no later than **March 15, 2024**, unless otherwise permitted by the Court. In connection with any discovery conference, the parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with

supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement must certify that lead counsel for all parties conducted the required in-person meeting or discussion and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H.     **MOTIONS TO AMEND OR TO ADD PARTIES:**

Any motions to amend or to add parties must be filed no later than **November 30, 2023** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion. Amendments or addition of parties by written consent under Fed. R. Civ. P. 15(a)(2) must be filed by the above deadline for amendment motions and must clearly and conspicuously state that the amendment is filed by written consent. Failure to clearly and conspicuously provide notice of the consent filing may result in the amended pleading being stricken.

I.     **DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:**

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **December 1, 2023.** The defendant(s) shall identify and disclose all expert witnesses and expert reports on or before **February 2, 2024.** All expert witnesses shall be deposed on or before **March 15, 2024.** Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in

accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C).

### J.  ANOTHER CASE MANAGEMENT CONFERENCE:

The Court will no longer set second case management conferences or require the parties to file status reports as a matter of course in civil actions. The parties and their counsel are reminded of their responsibility to prepare this case according to the schedule set by this order. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case. The parties may request that a case management conference be set by filing a joint motion for a case management conference, which must identify all issues to be discussed and detail the status of all case management events. If the purpose of the requested conference is to discuss extending case management deadlines, the motion must comply with the requirements for modifications of the case management order as instructed below. The parties must also state whether they request an in-person or telephonic case management conference.

### K.  DISPOSITIVE MOTIONS:

Motions to dismiss under Fed. R. Civ. P. 12 must be filed in accordance with that rule and with Local Rule 7.01. All other dispositive motions must be filed by no later than **July 12, 2024.** Responses to dispositive motions must be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion must first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, 619 F.Supp.3d 816 (M.D. Tenn. 2021), regarding what should (or should not) be included in the summary judgment movant's "statement of undisputed material facts," and any parties moving for summary judgment or responding to a motion for summary judgment are expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion. Counsel must carefully draft the statement of undisputed material facts to ensure that it is a narrow statement of facts (not opinions or legal conclusions) that are material to the outcome of the case and are undisputed as supported by the record.

L. **ELECTRONIC DISCOVERY:**

The parties anticipate reaching an agreement on how to conduct electronic discovery. Any agreement between the parties must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

M. **MODIFICATION OF THE CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline must be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement of counsel that the requested extension will not cause any dispositive motion deadline, including response and reply briefs, to be later than 120 days in

7

advance of the trial date. Motions for extensions must also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:**

The **JURY** trial of this action is expected to last **approximately 4 days**.[1] A trial date no earlier than **January 28, 2025** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson.

It is so ORDERED.

_____
Barbara D. Holmes
United States Magistrate Judge

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed **only if all parties** consent to final disposition by the Magistrate Judge.