IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMRY CROFT, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) NO. 3:22-cv-1026 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| TENNESSEE STATE UNIVERSITY | ) |
| BOARD OF TRUSTEES AND OFFICER | ) |
| THOMAS PHELPS, in his official and | ) |
| individual capacity, | ) |
| | |
|   Defendants. | |

**ORDER**

Pending before the Court is the motion of Defendant Thomas Phelps ("Defendant Phelps") to dismiss the amended complaint as pled against him. (Doc. No. 22, "Motion"). Count IV is the only count in the amended complaint that was pled against Defendant Phelps. (Doc. No. 6). On May 17, 2023, Plaintiff filed a notice of voluntary dismissal of Count IV against Defendant Phelps in his individual capacity. (Doc. No. 35). The Court, construing Doc. No. 35 as an (unopposed) motion under Rule 21 to dismiss Count IV against Defendant Phelps,[1] then dismissed Count IV against Defendant Phelps. (Doc. No. 36).

Given that the Motion requests the same relief that the Court provided in its order at Doc. No. 36, the Motion is DENIED. Furthermore, because Count IV was the only count in the amended

---

[1] The title of Doc. No. 35 filed by Plaintiff, and the Court's order of dismissal at Doc. No. 36, both are phrased in terms of dismissal of Defendant Phelps "in his individual capacity." But the text of Doc. No. 35 is phrased in terms of complete dismissal of Defendant Phelps. The clear implication is that Count IV was pled against Defendant Phelps only in his individual capacity, which makes sense inasmuch as a claim against Defendant Phelps in his official capacity would have been duplicative of Plaintiff's claim in Count IV against his co-Defendant, which (according to the Amended Complaint) was his employer. (Doc. No. 6 at ¶ 7).

complaint pled against Defendant Phelps, the Clerk SHALL terminate Defendant Phelps as a party in this case.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE