IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| DEMRY CROFT | ) | |
| | ) | |
| v. | ) | NO. 3:22-01026 |
| | ) | Richardson/Holmes |
| TENNESSEE STATE UNIVERSITY | ) | |
| BOARD OF TRUSTEES | ) | |

**O R D E R**

The *pro se* Plaintiff's motion for *pro bono* mediation (Docket Entry No. 46) is **DENIED WITHOUT PREJUDICE** to being refiled later. As set out below, the parties are required to make a self-directed attempt to resolve the case and to file a case resolution status report no later than **April 19, 2024**.

The initial case management order directed the parties to make at least one substantive attempt at resolution and to file a joint case resolution status report confirming their substantive attempt at settlement. *See* Initial Case Management Order (Docket Entry No. 38) at Section F.

A joint case resolution status report was timely filed by the parties. *See* Docket Entry No. 47. Although the report indicates that the parties communicated with each other in order to meet the directives of the initial case management order, it is not clear from the report whether the parties engaged in a substantive settlement discussion or whether such a discussion was put off because of Plaintiff's statement during the discussions that he intended to file the current motion for *pro bono* mediation and Defendant's assertion that it would participate in such a mediation. *Id*. at 1-2.

*Pro bono* mediation through a court referral is not the standard practice in this district and will not be considered by the Court until (1) the parties have first engaged in an actual and concerted effort to resolve the case on their own and (2) the parties present some basis to the

Court that suggests that a successful settlement of the case would be possible through mediation. While the Court acknowledges that mediators, whether *pro bono* or compensated, are often able to bring the parties in a case to a settlement, a mediator does not have a magic wand to wave that will somehow settle a case that the parties are not genuinely inclined to settle. Conversely, if the parties are inclined to settle, they should pursue that option through self-directed settlement discussions and act in good faith in attempting to reach a resolution.

Accordingly, the parties are directed to again make a substantive attempt at resolution of the case and to file a joint case resolution status report confirming their substantive attempt at settlement. Given the Court's extension of time for Plaintiff to find replacement counsel, as is set out in a separate order, the parties are given until **April 19, 2024**, to attempt resolution of the case and to file their joint case resolution status report. To be clear, the settlement discussions must occur whether or not Plaintiff retains new counsel. Defendant's counsel shall initiate the settlement effort and shall prepare a case resolution status report, which shall either be submitted jointly with Plaintiff's counsel or, if Plaintiff proceeds *pro se*, after having discussed the status report with Plaintiff in advance.

To the extent that Plaintiff proceeds *pro se*, and the settlement discussions therefore occur between Plaintiff and Defendant's counsel, the Court instructs as follows. In attempting to resolve the case through settlement, Plaintiff should keep in mind that the case that he has brought is likely a difficult case for a *pro se* party to successfully litigate and that he needs to reasonably evaluate his chances of winning the case. *Pro se* litigants often find that they have devoted a considerable part of their life to their case only to have the case ultimately dismissed

either at trial or even prior to a trial taking place. Litigating a case can be emotionally and mentally taxing.

On the other hand, Defendant should keep in mind that resolving Plaintiff's case through settlement may minimize both the time and expense required to engage in discovery and to continue to litigate the case. The Court is required to provide a *pro se* litigant with some measure of leeway in the review of a *pro se* litigants filings, and genuine issues of material fact may ultimately require the resolution of the case at trial.

In the end, the Court expects both parties to act in good faith in their attempt to settle this case, whether Plaintiff proceeds *pro se* or with counsel. Both parties should fairly and reasonably evaluate the case in an attempt to resolve it without further time or expense.[1]

If the parties are unable to settle through their own efforts, they may file a motion for pro bono mediation or other mediation referral, subject to further order. If a renewed motion for pro bono or other mediation referral is filed, the motion must state the specific bases upon which the moving party or parties assert that mediation would likely be more successful than the parties' own settlement efforts.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[1] To be clear, the case resolution status report must confirm that the parties made a good faith attempt to settle this case, but without any details of the specific settlement terms discussed. To the extent Plaintiff proceeds *pro se*, he is specifically advised that he should not include in any filing made with the Court the details of settlement offers or negotiations.