IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| DEMRY CROFT | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-01026 |
| | ) | Richardson/Holmes |
| TENNESSEE STATE UNIVERSITY | ) | |
| BOARD OF TRUSTEES | ) | |

### FIRST MODIFIED CASE MANAGEMENT/SCHEDULING ORDER

This case, in which the Plaintiff currently proceeds *pro se*, has been reopened after being stayed while the parties attempted, unsuccessfully, to resolve the case though informal settlement and then through a mediation. As directed by the Court upon reopening the case, status reports were filed, setting out the status of discovery and the parties' proposals for additional pretrial scheduling deadlines. *See* Docket Entry Nos. 71 and 72. The parties differ on their proposed deadlines, with Plaintiff offering much lengthier proposed deadlines.

After review of the docket in this case and the parties' proposals, the Court finds that the lengthy proposed deadlines requested by Plaintiff are not warranted. This case was filed in 2022, has already had one case management order, and needs to stay on track for a resolution through dispositive motions or trial. Discovery has already begun and must be promptly completed.

Accordingly, the initial case management order (Docket Entry No. 38) is modified as follows:

**G.    DISCOVERY:** The parties must complete all written discovery and depose all fact witnesses by no later than **May 16, 2025**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. The Court expects all parties and counsel to cooperate in discovery and to act courteously and professionally in the resolution of discovery disputes. The Court may impose appropriate sanctions, including any of those authorized by Fed. R. Civ. P.

16(f) or 37(b)(2)(A), upon a finding of a failure to comply with this or any discovery order or upon a finding of other discovery misconduct.

No discovery dispute may be brought to the Court for resolution before the parties have communicated and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved must be promptly brought to the attention of the Magistrate Judge by the filing of a discovery motion, which must be accompanied by a joint statement of the dispute and the parties' respective positions on the dispute. All discovery-related motions must be filed by no later than **June 27, 2025**, unless otherwise permitted by the Court.

**H.     MOTIONS TO AMEND OR TO ADD PARTIES:** The time to amend the pleadings or to add parties has expired and the pleadings are **CLOSED**.

**I.     DISCLOSURE AND DEPOSITIONS OF EXPERT WITNESSES:** Plaintiff must identify and disclose all expert witnesses and expert reports by no later than **April 4, 2025**. Defendant must identify and disclose all expert witnesses and expert reports by no later than **April 25, 2025**. All expert witnesses must be deposed by no later than **June 13, 2025**. When retaining experts, the parties must confirm their respective experts' availability within this schedule, as extensions based on the unavailability of an expert, including to prepare a timely report, are unlikely to be granted.

Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C).

**J. ANOTHER CASE MANAGEMENT CONFERENCE:** The Court does not anticipate conducting another case management conference in this case, as cases with a *pro se* party are generally exempt from mandatory case management conferences. The parties are, however, reminded of their responsibility to prepare this case according to the schedule set by this and prior orders, including any modifications. Failure to do so may result in any of the remedies authorized by Fed. R. Civ. P. 16(f). The Court will not provide reminders of case management deadlines and will not otherwise prompt the parties to give attention to this case.

**K. DISPOSITIVE MOTIONS:** Defendant has already filed a motion to dismiss under Fed. R. Civ. P. 12, and **no further motions to dismiss will be permitted**.

Motions for summary judgment under Fed. R. Civ. P. 56 and Local Rule 56.01 must be filed by no later than **August 25, 2025**. Responses to summary judgment motions must be filed **within 28 days** after the filing of the motion. Briefs or memoranda of law in support of or in opposition to motion for summary judgment shall not exceed 25 pages. Optional replies may be filed **within 14 days** after the filing of the response and shall not exceed 5 pages. Sur-replies are not permitted.

Rule 56(a) of the Federal Rules of Civil Procedure mandates that summary judgment be granted if the moving party shows that there is no genuine dispute as to any material facts and that the moving party is entitled to a judgment as a matter of law. If the moving party properly shows the absence of a genuine dispute for trial, the opposing party must show that the material facts are genuinely disputed by setting forth affirmative evidence and/or citing to materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations, admissions, interrogatory answers, or other materials, or by showing that the materials cited by the moving party do not establish an undisputed fact or that the moving party cannot produce admissible evidence to support such fact(s).

Local Rule 56.01(c) requires that a party must specifically respond to a movant's statement of undisputed facts by responding to each fact set forth in the statement by either (1) agreeing that the fact is undisputed; (2) agreeing that the fact is undisputed for the purposes of ruling on summary judgment; or (3) by demonstrating that the fact is disputed, with specific citation to the record. Each party is advised to review Local Rule 56.01.

The parties are also advised that failure to file a timely response to a motion for summary judgment could result in the motion being granted.

**L.     ELECTRONIC DISCOVERY:** Any agreement between the parties regarding electronic discovery must be reduced to writing, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval. In the absence of compliance with this provision, the default standards of Administrative Order No. 174-1 will apply.

**M.     MODIFICATION OF THE CASE MANAGEMENT ORDER:** Absent extraordinary circumstances, the Court will not further modify the case management schedule provided for in this First Modified Case Management/Scheduling Order.

**N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** Upon the resolution of any timely filed motions for summary judgment, the Court will address the issue of a target trial date.

**It is SO ORDERED**.

BARBARA D. HOLMES
United States Magistrate Judge