IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| DEMRY CROFT | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-01026 |
| | ) | Richardson/Holmes |
| TENNESSEE STATE UNIVERSITY | ) | |
| BOARD OF TRUSTEES | ) | |

**O R D E R**

Plaintiff has filed a motion (Docket Entry No. 77) to compel Defendant to respond to Plaintiff's requests for admissions, which is opposed by Defendant (Docket Entry No. 78). For the reasons set out below, the motion (Docket Entry No. 77) is **DENIED**.

In the First Modified Case Management/Scheduling Order that was entered on November 5, 2024, the Court noted that this case was filed in 2022, had already had one case management order, and needed to stay on track for a resolution, and further noted that discovery had already begun and must be promptly completed. (Docket Entry No. 73 at 1.) Accordingly, the Court set May 16, 2025, as the deadline for the parties to complete all written discovery (*id.*) and advised the parties that "[a]bsent extraordinary circumstances, the Court will not further modify the case management schedule." (*Id.* at 4.)

Plaintiff's requests for admissions were not served upon Defendant until June 11, 2025, and Defendant objected to the requests as untimely under the Court's discovery deadline. Plaintiff's current motion seeks to compel Defendant to answer the requests for admissions and, although not specifically sought by Plaintiff, implicitly seeks to extend the deadline to complete discovery.

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts

primarily determine good cause by measuring the movant's "diligence in attempting to meet the case management order's requirements*." Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625-26 (6th Cir. 2002). *See also In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 843 ("[T]he application of Rule 16(b)'s good-cause standard is not optional.").

The Court finds that Plaintiff has not shown good cause to extend the discovery completion deadline and to permit him to engage in what would otherwise be untimely discovery. In the modified scheduling order, the Court gave the parties an additional six months to engage in discovery. Plaintiff had ample time during this extended period to serve timely requests for admissions upon Defendant. Nothing set out in Plaintiff's motion supports a conclusion that good cause exists to extend the discovery deadline. Plaintiff's complaint about lack of production of documents from Defendant involves matters that occurred many months ago and that have no bearing on the untimely requests for admissions at issue. Additionally, Plaintiff's attempt to somehow shift blame to the Court for his failure to take fact depositions by the extended deadline that was granted by the Court is also unrelated to his failure to serve timely requests for admissions and is further not well taken. It is Plaintiff himself who bears the responsibility for not taking fact depositions. Finally, the Court finds no basis for Plaintiff's contention that Defendant has not acted in good faith toward Plaintiff.

Plaintiff's *pro se* status is no excuse for a lack of diligence in developing his case and for his failure to conduct the discovery at issue within the allowed time. "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v.*

2

*Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). *See also Cochran v. Schaffer*, 2020 WL 3317477, at *2 (N.D. Ohio June 18, 2020) ("The latitude afforded to *pro se* litigants does not extend to compliance with readily understood orders and deadlines."). "In civil litigation, deadlines are of crucial importance and time is usually not on the side of those who treat deadlines cavalierly." *Brumback v. Wurth Baer Supply Co.*, 2019 WL 2814649, at *1 (E.D. Ky. July 2, 2019). In the end, the Court finds no basis that justifies excusing Plaintiff from the scheduling order deadline for the completion of discovery.

**Any party objecting** to this Order must do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is **SO ORDERED**.

_____
BARBARA D. HOLMES
United States Magistrate Judge