UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEMRY CROFT ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 3:22-cv-01026 |
| ) | |
| TENNESSEE STATE UNIVERSITY ) | Judge Eli Richardson |
| BOARD OF TRUSTEES ) | Magistrate Judge Barbara Holmes |
|     Defendant. | |

### MOTION FOR REVIEW OF NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE

Plaintiff, Demry Croft, pursuant to Rule 72 of the Local Court Rules, hereby asks the District Court Judge to review the Order entered by the Magistrate Judge on July15, 2025. In support hereof Plaintiff states as follows:

1. Plaintiff filed a Motion to Compel on June 27, 2025 asking this court to order Defendant to Answer Plaintiff's Requests for Admissions (Exhibit 1)( Docket Entry 77)

2. Defendant filed a Response opposing the Plaintiff's Motion on July 11, 2025. (Exhibit 2)( Docket Entry 78)

3. On July 15, 2025, Magistrate Judge Holmes denied Plaintiff's Motion. (Exhibit 3) (Docket Entry 79).

4. In the July 15, 2025 Order, the Magistrate Judge found Plaintiff had not shown good cause to modify the case management schedule.

5. Plaintiff respectfully disagrees with the court's finding that he had not shown good cause to modify to discovery schedule.

1

6. On April 16, 2025 Plaintiff requested an extension to take depositions of fact witnesses.

7. Defendants did not file a response until May 7, 2025, which was 21 days after Plaintiff's motion was filed.

8. On May 8, 2025, the court granted the extension immediately after Defendants filed a response wherein Defendant stated it did not object to Plaintiff's request.

9. Defendant's response was well after the 14 days that Defendant was required to respond.

10. The court could have ruled on the Motion after Defendant failed to file a response within 14 days. However, the motion was granted only after Defendant responded by agreement 22 days later.

11. Had the court ruled on Plaintiff's April 16, 2025 motion immediately after the 14 day response period had expired, Plaintiff would have had time to either proceed with the depositions or if the motion were denied, the Plaintiff would have had ample time to serve Defendant with the Requests for Admission.

12. Defendant was able to benefit from the extension of the deposition dates as Defendant deposed Plaintiff after the same May 16, 2025 discovery deadline that Defendant now seeks to enforce.

13. The court's delay in granting the April 16 motion was prejudicial to the Plaintiff as time was of the essence in attempting to coordinate depositions given the time, travel and expenses involved with deposing witnesses in three different states.

14. The court did not question good cause in reviewing Plaintiff's April 16, 2025 motion and the circumstances surrounding this current motion are essentially the same.
15. Good cause to modify the discovery schedule exists as Defendant has refused to provide documents requested by Plaintiff in earlier discovery requests.
16. Good cause to modify the discovery schedule exists as Plaintiff should be able to benefit from a modified discovery schedule just Defendant benefited from the modified discovery date entered by this court on May 8, 2025.
17. Good cause to modify exist as Requests for Admissions are best served after all other discovery has been completed and, in this case, Plaintiff has not received full discovery compliance from Defendant and due to circumstances beyond his control was unable to depose witnesses.
18. The July 15, 2025 Order did not address the court's delay in ruling on Plaintiff's Motion.
19. Plaintiff has diligently attempted to meet the court's case management order to the best of his ability as a pro se litigant.
20. A prompt ruling on the April 16, 2025 motion would have given Plaintiff more time to depose important witnesses in his case as the availability of these witnesses was limited.
21. Good cause to modify the discovery schedule exists because Plaintiff lost the opportunity to depose witnesses, and the only remaining discovery tool available to Plaintiff at this time is the Requests for Admissions.

22. There is no trial date set for this case and therefore a modification of the discovery schedule does not prejudice either party but instead allows the parties to narrow the issues in this case.

23. Plaintiff is not shifting blame on the court but merely stating the facts in recounting the actions taken in this case to date.

24. Plaintiff is unable to provide a separate memorandum of law as he is not a professional legal practitioner.

25. Plaintiff asks that the July 15, 2025 Order is stayed until such time that the District Court Judge rules on this Motion for Review.

Wherefore, Plaintiff hereby respectfully requests that the District Court Judge review his Motion to Compel and order the Defendant to respond to the Requests for Admissions filed on June 11, 2025.

*Demry Croft*  07/21/25
Demry Croft            Date

Demry Croft
Pro Se
3030 Highcrest Road
Rockford, Illinois 61107
815-319-8079
demrycroft@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on July 21, 2025, via Court's CM/ECF filing system upon the following:

Jeffrey B. Cadle
Assistant Attorney General
Rachel A. Newton
Assistant Attorney General
Education Division
P. O. Box 20207
Nashville, TN 37202-0207
Jeffrey.cadle@ag.tn.gov
Rachel.newton@ag.tn.gov


/s/ *Demry Croft*

Demry Croft